PHILIP HOWARD V. STEPHEN BENNETT AND OTHERS.

Where one died in 1844, and his wife administered on his estate in September of the same year, filed an inventory of the estate consisting of a league of land, and some personal property ; obtained an order of sale and sold the personal property, sale amounting to $61 75 ; obtained an order to sell the league of land, and failed to make any sale or return the order, and on the 17th October, 1845, filed an account showing approved claims against the estate to the amount of about $800 ; $6 taxes paid and $55 75 due the estate, which account after due notice·  "was examined and approved by the Court, and ordered to be recorded ;" and nothing more was done, until the 21st of June, 1848, when one of the creditors, holding an approved claim, petitioned the Court for the removal of the administratrix, which, after due notice, was granted, and letters issued to such creditor, on whose petition the league of land was sold to pay the debts of the estate, and the debts, although allowed within the year, were not formally ranked by the Probate Judge as acknowledged claims against the estate until after four years ; Held, That the administration was not closed in 1845, and that the subsequent proceedings were not void for want of jurisdiction.

Where an order of sale is made on the petition of the administrator, for the payment of debts, it is no objection to the title of a purchaser at the sale, in a collateral proceeding, that the petition was not accompanied by a schedule of the debts, or that the debts were not ranked (under the law of 1840) by the Probate Judge as acknowledged claims against the estate.

Appeal from Lavaca. Action of trespass to try title, by appellant against appellees. The land in controversy is situated in the county of Lavaca, and was granted to Benjamin Whitson for his headright, and was at the death of Whitson unimproved. Whitson died at his residence in the county of Jackson, in the year 1844, and his widow, Martha Whitson, obtained letters of administration on his estate in the county of Jackson, at the September Term of the Probate Court, 1844. A sale of the personal property belonging to said estate was made and returned at the November Term, 1844, which proved to be insufficient to pay the debts. At the January Term, 1845, of said Court the administratrix petitioned for and obtained an order for the sale of the league of land in controversy for the payment of debts. She subsequently re-

turned that she had not sold the land for the reason that the Clerk had failed to furnish her with the order of sale and appointment of appraisers, and the order of sale was revoked. At the April Term, 1845, of said Court she again petitioned for and obtained an order for the sale of said land for the payment of debts. At the September Term, 1845, notice was ordered to be given that at the next Term she would file her account for settlement. At the next Term, October Term, 1845, of the Court she presented her account, which was " examined and approved by the Court and ordered to be recorded." By which account it appears that she had not sold the land as ordered by the Court in April ; that she had collected but $61 75-100, the proceeds of the sale of personal property, and had paid but $6 of the debts against the estate, and that the following approved and acknowledged claims against the estate were due and unpaid, to wit : To Clark L. Owen, $341 ; to John S. Menefee, $108 61 ; to John Andrews, $216 ; and to J. P. B. January, $47 50, making in all, with interest, about the sum of twelve hundred dollars.

At the July Term, 1848, of said Court Martha Whitson was, upon the petition of John Andrews, one of the creditors of said estate, after due notice, removed from said administration, for refusing to close said estate and pay the debts.

At the November Term, 1848, of said Court John Andrews was appointed administrator *de bonis non* of said Whitson estate. At the January Term, 1849, of said Court said administrator petitioned for and obtained an order for the sale of said league of land for the payment of the debts due from said estate ; and on the 3rd day of April, 1849, sold said land under said order, and made a return of said sale on the 24th day of April, 1849. At the April Term, 1849, of said Court, the return of said sale was examined and approved by the Court and title ordered to be made to the purchaser, John S. Menefee.

The defendants claim title to said land by regular deeds of conveyance under said Menefee. The plaintiff claimed title

to the land by deeds from the widow and two of the children of Benjamin Whitson, dated in April and October, 1853.

The claims against the estate had been presented to the administratrix and allowed within the year, but had not been formally ranked by the Judge as acknowledged claims against the estate, but were approved by him under the Act of 1848. The petition of Andrews, Adm'r, for an order of sale, merely stated that there were debts to the amount of eleven or twelve hundred dollars against the estate, and that there was no property except the league of land belonging to the estate.

Plaintiffs asked the Court to instruct the jury that all the proceedings of the Probate Court subsequent to the approval of the account of the Administratrix was null and void; which the Court refused to do, and instructed the jury " that the " title showed by defendants is good and valid and you should " find for defendants." Verdict and judgment for defendants.

*G. W. Smith*, for appellant. It is contended by the plaintiff that the sale by Andrews to Menefee is absolutely null and void. The law of 1840 gives no specific directions as to the form in which a final settlement and closing of the administration shall be made to appear. In this instance notice of a settlement was given, account rendered and approved, and nothing was done for nearly three years in the succession.

These facts go to show that the Probate Judge, administrator and creditors considered the administration at an end and closed. If the administration was closed the succession could not again be opened. The right of property vested in the heirs. (9 Tex. 13.)

There was no order made to pay the creditors in whole or *pro rata*, but this omission could not affect the finality of the settlement. But there was no funds to pay them, if there had been any established debts. But it will be seen that all the debts referred to were then barred. None of them had been approved or ranked among the acknowledged debts of the suc-

cession within the year after the grant of letters. (2 Tex. R. 433 ; 7 Tex. R. 617.)

That the jurisdiction of the county Court is limited, and can only exercise such powers and in the mode prescribed, otherwise their Acts will be void, and will confer no rights on any person and may be impeached collaterally. (Finch v. Edwards, 9 Tex. 509.)

To give the Court jurisdiction to order the sale by Andrews, the directions in Art. 1163 Hart. Dig. should have been pursued.

1st. There should be a petition for order of sale sworn to by applicant.

2nd. There should be accompanying it a statement of the debts presented to the administrator for allowance, " specifying " those allowed and those rejected, those sued on and the condition of the suits, so that upon the facts thus presented in the petition the judicial mind could be called into action, " hear and determine " whether there was a " necessity " for the sale as prayed for; and this conclusion could only have been attained by the Court from the facts thus presented. Such statement and specification are indispensible to the exercise of the jurisdiction of the Court, as that there be a petition for the order of sale. (Finch v. Edwards, 9 Tex. R. 509.)

The doctrine in the case of Lynch v. Baxter and wife, 4 Tex. R. cannot apply to this case. That was decided under the Act of 1840, which did not require the statement and specification of debts as is specially required in Art. 1163, Hart. Dig.

All the foregoing objections and testimoney were stricken from the consideration of the jury by the sweeping and laconic instruction of the Court, and plaintiff insists there were errors for which the judgment should be reversed.


*J. J. Holt*, for appellees. When the Court has jurisdiction of the person or subject matter, the judgment is conclusive until reversed. (Sutherland v. De Leon, 1 Tex. R. 250 ;

Forbes v. Wells, 4 Tex. R. 101; Davis v. Stewart, 4 Tex. R. 223.)

A proceeding of a Probate Court cannot be collaterally impeached. The only objection that can be taken is want of jurisdiction. (Lynch v. Baxter, 4 Tex. R. 431.)

What is void and what is a voidable judgment of a Probate Court and their effect. (Fisk v. Norvel, 9 Tex. R. 13, and Griffith v. Frazier, New York case there cited.)

The approval of a claim by a Probate Judge is a judgment, although the claim be barred by the statute. (Neill v. Hodge, 5 Tex. R. 487; 6 Tex. R. 166; 9 Tex. R. 517.)

A judgment of the Probate Court approving a sale made at the wrong place will give title to purchaser. (6 Tex. R. 554.)

WHEELER, J. The principal questions to be determined are, 1st. Whether the estate had been fully administered, and the succession closed before the grant of administration *de bonis non*; and 2nd, Whether the title of the purchaser at the administrator's sale is affected by the alleged errors and illegalities in the proceedings in the Probate Court. The determination of neither question can be attended with difficulty.

It is evident, from an inspection of the proceedings of the Probate Court, pertaining to the administration, that the estate was not administered by the first administrator. The debts due the estate had not been collected; admitted claims against it had not been paid; orders for the sale of property to pay the debts had not been executed. Little indeed had been done towards administering the estate, and there was the same apparent necessity for continuing the administration as for the grant of it in the first instance. It is true that at the end of the year the administratrix exhibited an account for settlement, but there was no such action taken upon it by the Court as is contemplated by the statute. (Hart. Dig. Art. 1025.) There was no order discharging the administratrix, and it was evident from the account exhibited that the estate

was not administered, and that the succession could not legally be closed in the then state of its affairs. A further extension of time was necessary to the due administration of the estate.

It is insisted that the succession must be considered as having been closed, because the record discloses no order of the Court giving an extension of the term, and no further action taken until proceedings were instituted, nearly three years afterwards, to remove the administratrix for failing and refusing to sell property, pay debts and administer the estate. But if an extension of the term of administration was not obtained, that was the fault of the administratrix and not of the creditors; and if, by reason of her refusal or neglect properly and rightly to continue the administration, her right longer to exercise the trust was lost, that did not have the effect of settling and closing the succession. Nor was it any reason why an administrator *de bonis non* should not be appointed for that purpose, but the contrary. It made it necessary that one should be appointed, in order that the estate might be fully administered, and the succession closed. It may not, in that view, have been necessary formally to revoke the letters of the former administrator. But if that action of the Court was unnecessary, as from the premises assumed by counsel for the appellant it would follow that it was, but which we need not at present determine, it was a merely nugatory act, which could not affect the validity of the subsequent appointment. In Easterling v. Blythe (7 Tex. R. 210) suit was brought by the heir, and it was resisted on the ground that the administrator and not the heir should have sued. But it was held that the heir might sue as well as the administrator; and, there having a period of more than ten years elapsed, without any evidence that any one had acted as administrator within that period, it was deemed the legal presumption that the estate had been fully administered and succession closed. So in the case of Boyle v. Forbes, (9 Tex. R. 35,) where suit was brought by one claiming as administrator, in June, 1851, by

virtue of a grant of administration in February, 1838, and there was no averment that the term of administration had been extended, it was held, that after so great a lapse of time it would be presumed, in the absence of anything appearing to the contrary, that all legal demands against the estate had been discharged, and the administration closed.

In these cases the question was as to the right of the administrator. That is not the question here. But if it were, and the principle of these cases were applicable, no such lapse of time appears in the present case.

In the case of Fisk v. Norvel (9 Tex. R. 13) cited by counsel for the appellant, it was held that it may be proved in a collateral proceeding that the Probate Court had not jurisdiction ; as that the person was not dead, or the estate had been fully administered and closed, though not that the Court had acted irregularly or erroneously upon a subject matter properly within its cognizance. There it appeared that the estate had been fully administered, the succession ordered to be closed and the administrator discharged by the Probate Court. No such facts appear in the present case. On the contrary, it very clearly appears that the estate was not administered, nor the succession closed, either by the acts of the administratrix or the judgment of the Probate Court.

Nor was there such great lapse of time, as, when the judgment of the Probate Court is thus brought collaterally in question, in the absence of proof that the estate had been fully administered, would warrant so violent a presumption as that, in appointing an administrator *de bonis non*, the Probate Court had acted without any evidence of the necessity or propriety of such action, in the exercise of an usurped and unwarranted authority in that particular instance ; and, consequently, that its judgment was void for the want of jurisdiction. Neither in the lapse of time, nor in any other circumstance appearing in the case, is there presented any legal obstacle to the revocation of the first and the making of the last grant of administration.

It is unnecessary to discuss the merits of the several objections urged to the regularity of the proceedings of the Probate Court in ordering the sale. The Court had jurisdiction to order the sale of lands for the payment of the debts of the estate. Its jurisdiction was called into exercise by the petition of the administrator for the sale of the land in question for that purpose. The order of the Court thereupon was the judgment of a Court of competent jurisdiction, and its merits cannot be drawn in question in a collateral action. (Toliver v. Hubbell, 6 Tex. R. 166 ; Poor v. Boyce, 12 Tex. R. and authorities cited.)

The title of the purchaser at the administrator's sale, therefore, cannot be impeached in this action, by reason of the supposed errors in the judgment of the Probate Court in ordering the sale. The judgment is affirmed.

Judgment affirmed.