Joe Alan VERNON, Appellant,

v.

Helen Luster VERNON, Appellee.

No. 08–04–00347–CV.

Court of Appeals of Texas,
El Paso.

Nov. 3, 2005.

Brett L. Bigham, Waxahachie, for Appellant.

Helen Luster Vernon, Pecos, pro se.

Rhonda A. Pressley, Assistant Attorney General, Child Support Litigation Division, Austin, Interested Entity.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## *OPINION*

McCLURE, Justice.

Joe Alan Vernon appeals an order holding him in contempt for failure to pay child support. We dismiss the attempted appeal for want of jurisdiction.

## FACTUAL SUMMARY

The trial court entered a final decree of divorce on February 8, 2002, requiring Appellant to pay child support in the amount of $1,000 per month for his two children. Appellant did not regularly pay his support obligations and in January 2003, the trial court reduced support to $300 per month.[1] From September 1, 2002 through September 1, 2004, Appellant did not pay any child support except for March 2004 when a "FED OFFSET" in the amount of $1,101 was applied to the balance by the Attorney General's Child Support Enforcement Division. Appellant later filed another motion to modify which was denied on March 12, 2004. Appellant filed a timely notice of appeal from that order which has been docketed as *Joe Alan Vernon v. Helen Luster Vernon* and assigned the docket number 08–04–00140–CV.[2]

On March 30, 2004, the Attorney General filed a motion for enforcement. The Title IV–D associate judge signed a proposed enforcement order, but Appellant appealed to the district court. On September 22, 2004, the district court signed an enforcement order which: (1) confirmed a child support arrearage of $8,900.05 as of August 31, 2004 and granted judgment against Appellant in that amount in favor of the Attorney General's Office; and (2) found Appellant in criminal contempt for his failure to pay support on January 1, 2003, February 1, 2003, and March 1, 2003, ordered him committed to the county jail for 180 days for each separate act of contempt. The district court suspended the commitment and placed Appellant on community supervision for a period of 120 months. In the portion of the order entitled "Coercive Contempt," the trial court found that Appellant was able to pay the arrearage and ordered him committed to the county jail until he paid, but deferred the commitment order until a compliance hearing could be held on December 9, 2004, in order to assess Appellant's compliance with the terms and conditions of community supervision. Appellant filed a notice of appeal from the enforcement order.

## JURISDICTION

In this appeal, Appellant raises two issues challenging the contempt order. A court of appeals lacks jurisdiction to review a contempt order on direct appeal. *Texas Animal Health Commission v. Nunley,* 647 S.W.2d 951, 952 (Tex.1983). Instead, the validity of a contempt order must be considered upon application for a writ of habeas corpus. *Ex parte Williams,* 690 S.W.2d 243, 243 n. 1 (Tex.1985); *Krone v. Krone,* No. 08–03–00144–CV, 2004 WL 1282646 (Tex.App.–El Paso 2004, pet. denied). The appeal is dismissed for want of jurisdiction.

---

1. The reduction in child support was made retroactive to August 1, 2002.

2. We have issued an opinion and judgment affirming the order. *Joe Alan Vernon v. Helen Luster Vernon,* No. 08–04–00140–CV (Tex. App.—El Paso Nov. 3, 2005).