Opinion issued December 10, 2009










In The

Court of Appeals

For the

First District of Texas

____________


NO. 01-09-01042-CV

____________


IN RE FRANK HERRERA, JR., Relator






Original Proceeding on Petition for Writ of Habeas Corpus






MEMORANDUM OPINION Although relator, Frank Herrera, entitles the document he filed with this Court
a "Notice of Appeal," we construe it as a petition for writ of habeas corpus because
we have no jurisdiction to consider an appeal from a commitment order for contempt
for failure to pay child support. See Vernon v. Vernon, 225 S.W.3d 179, 180 (Tex.
App.--El Paso 2005, orig. proceeding) (holding court of appeals lacks jurisdiction
to review contempt order on direct appeal; rather such order must be considered upon
application for writ of habeas corpus). The contents of petitions for writs of habeas
corpus are governed by Texas Rule of Appellate Procedure 52.3. Without prejudice
to refiling, we deny relator's petition because it does not comply with that rule in the
following respects:

 (1) if the respondent is a judge, it does not contain the
name of the judge; Tex. R. App. P. 52.3(d)(2);


 (2) a concise description of the respondent's action from
which the relator seeks relief; Tex. R. App. P. 52.3(d)(3);


 (3) if relator seeks a writ of habeas corpus, a statement
describing how and where the relator is being deprived of
liberty; Tex. R. App. P. 52.3(d)(4)


 (4) the petition must state concisely all issues or points
presented for relief; Tex. R. App. P. 52.3(f)


 (5) the petition must state concisely and without argument
the facts pertinent to the issues or points presented with
every statement of fact in the petition supported by citation
to competent evidence included in the appendix or record; 
Tex. R. App. P. 52.3(g);


 (6) the petition must contain a clear and concise argument
for the contentions made, with appropriate citation to
authorities and to the appendix or record; Tex. R. App. P.
52.3(h);


 (7) the person filing the petition must certify that he or she
has reviewed the petition and concluded that every factual
statement in the petition is supported by competent
evidence included in the appendix or record; Tex. R. App.
P. 52.3(j);


 (8) the appendix must contain a certified or sworn copy of
any order complained of, or any other document showing
the matter complained of; Tex. R. App. P. 52.3(k)(1)(A);


 (9) if a writ of habeas corpus is sought, proof that the
relator is being restrained. Tex. R. App. P. 52.3(k)(1)(D).


 (10) a properly authenticated transcript of any relevant
testimony from any underlying proceeding, including any
exhibits offered in evidence, or a statement that no
testimony was adduced in connection with the matter
complained. Tex. R. App. P. 52.3(k)(2).


PER CURIAMPanel consists of Justices Keyes, Alcala, and Hanks.