Opinion issued July 30,
2010.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00638-CV

———————————

ANDRE
AMMIEL, Appellant

V.

SHERRY L. ATCHISON, Appellee



 



 

On Appeal from the 310th District
Court

Harris County, Texas



Trial Court Case No. 2006-62386

 



 

 

 

MEMORANDUM  OPINION

Appellant, Andre Ammiel (“Ammiel”), challenges the trial court’s “Final Decree Modifying Prior Order (2004)
Modifying the Parent Child Relationship” (“modification order”) and  “Final Order on Sherry Atchison’s First
Amended Motion for Enforcement of Order in Suit to Modify the Parent-Child
Relationship,” (“contempt order”).  We
dismiss Ammiel’s appeal of the enforcement order, for want of jurisdiction, and
affirm the trial court’s modification order.

BACKGROUND

          In 2004, the trial court
issued a modification order appointing Ammiel and appellee, Sherry Atchison, to
be their child’s joint managing conservators with duties of financially
supporting the child and specified rights of possession and access to the
child. On April 15, 2008, the trial court, in its “Final Decree Modifying Prior
Order (2004) Modifying the Parent-Child Relationship,” modified the 2004
modification order by appointing Atchison to be the sole managing conservator
and Ammiel to be the possessory conservator. 
Also on April 15, 2008, the trial court signed its “Final Order On
Sherry Atchison’s First Amended Motion for Enforcement of Order In Suit to
Modify the Parent-Child Relationship,” in which it held Ammiel in contempt for three
instances of not surrendering possession of the child to Atchison.  It assessed Ammiel 180 days’ confinement for
each violation to run concurrently, but suspended his commitment, placing him
on community supervision. 

In his brief, Ammiel asserts that
he filed a “Motion to Vacate Final Decree Modifying Prior Order signed April
15, 2008 Modifying the Parent-Child Relationship and Final Order on Sherry
Lovenda Atchison’s First Amended Motion for Enforcement of Order in Suit to
Modify the Parent-Child Relationship signed April 15, 2008.”  On July 4, 2008, prior to the hearing on his
motion to vacate (motion for new trial), Ammiel filed his motion to recuse the
trial judge, which the trial court denied on July 7, 2008.  Ammiel filed his notice of appeal, stating
his intention to appeal the order denying the recusal of the trial judge. 

The record consists of the clerk’s
record and a June 19, 2008 reporter’s record documenting the trial court’s
reset to July 14, 2008 of the hearing on Ammiel’s motion to vacate. 

ANALYSIS

 A.  
Dismissal of Challenges to Contempt Order

In issues
two, three, and part of issue one, appellant brings various challenges to the
contempt order.  He brings these
challenges to the contempt order on direct appeal.  A court of appeals lacks jurisdiction to
review a contempt order that imposes confinement on direct appeal.  Vernon
v. Vernon, 225 S.W.3d 179, 180 (Tex. App.—El Paso 2005, no pet.) (citing Tex.
Animal Health Comm’n v. Nunley, 647 S.W.2d 951, 952 (Tex. 1983)). Rather, the validity of a
contempt order that imposes confinement must be considered upon application for
a writ of habeas corpus. Vernon, 225
S.W.3d at 180 (citations omitted). 
Accordingly, we dismiss, Ammiel’s challenges to the contempt order for
lack of jurisdiction. 

B.  Failure to Preserve Remainder
of Complaints for Review

          In issue one, in addition to the challenges to the contempt order,
Ammiel complains that:  (1) in issuing
the 2008 modification order, the trial court did not address Atchison’s failure
to comply with an earlier order, (2) the trial court dismissed the Office of
the Attorney General’s motion to revoke Atchison’s community supervision, and
(3) the trial court conspired with the Office of the Attorney General to
violate Ammiel’s right to notice and to cross-examine by granting the Attorney
General’s notice of non-suit.  In issue
four, Ammiel complains that the trial court erred in granting sole managing
conservatorship to Atchison because she had had a child removed from her home
through the intervention of Child Protective Services for violence against a
family member.  Finally, Ammiel complains
that the trial judge erred in declining to recuse herself from the case.

  To preserve a complaint for appellate review,
a party must present to the trial court a timely request, motion or objection,
state the specific grounds therefore, and obtain a ruling.  Wal–Mart Stores, Inc. v. McKenzie, 997
S.W.2d 278, 280 (Tex. 1999); Tex. R.
App. P. 33.1(a).  Here, the record
does not reflect that Ammiel brought any of these complaints to the trial court
through a timely request, motion, or objection, except for the one regarding
recusal.  See id.  With respect to his
recusal complaint, the brief provides no citations to the record, case
authorities, or argument other than to recite provisions of the Constitution
and the Canons of Judicial Conduct. 
Thus, this issue is not adequately briefed to ascertain the complaint on
appeal.  See Tex. R. App. P.
38.1(i).  Therefore,
we dismiss these complaints as not preserved for appellate review.

CONCLUSION

          We dismiss, for want of
jurisdiction, Ammiel’s challenges to the contempt order, and we affirm the modification
order.

PER CURIAM

Panel consists of Chief Justice Radack and Justices
Bland and Sharp.