# NO. 12-09-00449-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 369TH* |
| *C.C.W. AND E.M.W.,* | § | *JUDICIAL DISTRICT COURT OF* |
| *MINOR CHILDREN* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Michael Lee Williams appeals the trial court's order holding him in contempt for his failure to pay child support. In one issue, Williams argues that the trial court's contempt order is void because he established his inability to pay. We dismiss for want of jurisdiction.

### BACKGROUND

Williams and his ex-wife divorced in 2002. As part of the divorce decree, the trial court ordered Williams to pay child support. Williams subsequently fell behind in his support payments. Later, following the suspension of his medical license, Williams stopped making any support payments.

In January 2009, the Office of the Attorney General for the State of Texas filed a motion to enforce the child support order. After a hearing on the motion, the trial court found that Williams owed $61,219.49 in child support arrearages and held him in criminal contempt on thirty-seven counts of failure to pay child support. The trial court assessed Williams's punishment at confinement in the county jail for one hundred eighty days for each act of contempt. The trial court subsequently modified Williams's child support obligation and suspended his confinement conditioned on Williams's staying current with his child support obligation as modified. This appeal followed.

1

## JURISDICTION

In his sole issue, Williams argues that the trial court's contempt order is void because he established his inability to pay. A contempt order is reviewable only by a petition for writ of habeas corpus if the person held in contempt is confined or a petition for writ of mandamus if the person is not confined. *See **In re Henry***, 154 S.W.3d 594, 596 (Tex. 2005); ***Cadle Co. v. Lobingier***, 50 S.W.3d 662, 671 (Tex. App.–Fort Worth 2001, pet. denied) (citing ***In re Long***, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding)). Accordingly, we hold that we lack jurisdiction to review Williams's challenge to the trial court's contempt order brought in this direct appeal. *See **Tex. Animal Health Comm'n v. Nunley***, 647 S.W.2d 951, 952 (Tex. 1983); ***Ex parte Cardwell***, 416 S.W.2d 382, 384 (Tex. 1967) (orig. proceeding); ***Vernon v. Vernon***, 225 S.W.3d 179, 180 (Tex. App.—El Paso 2005, no pet.); *see also **Long***, 984 S.W.2d at 625.

## DISPOSITION

Because Williams sought to challenge the trial court's contempt order by direct appeal, we ***dismiss*** Williams's appeal for ***want of jurisdiction***.

**BRIAN HOYLE**
Justice

Opinion delivered November 10, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

2