NO. 12-09-00449-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN THE INTEREST OF                                 
§                   APPEAL FROM THE 369TH

            

C.C.W. AND E.M.W.,                                      
§                   JUDICIAL DISTRICT COURT OF            

            

MINOR CHILDREN                                                  
§                   ANDERSON COUNTY, TEXAS     







MEMORANDUM
OPINION

            Michael Lee Williams appeals the trial court’s order holding him in
contempt for his failure to pay child support.  In one issue, Williams argues
that the trial court’s contempt order is void because he established his
inability to pay.  We dismiss for want of jurisdiction.

 

Background

            Williams
and his ex-wife divorced in 2002.  As part of the divorce decree, the trial
court ordered Williams to pay child support.  Williams subsequently fell behind
in his support payments.  Later, following the suspension of his medical
license, Williams stopped making any support payments.

In
January 2009, the Office of the Attorney General for the State of Texas filed a
motion to enforce the child support order.  After a hearing on the motion, the
trial court found that Williams owed $61,219.49 in child support arrearages and
held him in criminal contempt on thirty-seven counts of failure to pay child
support.  The trial court assessed Williams’s punishment at confinement in the
county jail for one hundred eighty days for each act of contempt.  The trial
court subsequently modified Williams’s child support obligation and suspended
his confinement conditioned on Williams’s staying current with his child
support obligation as modified.  This appeal followed.

 

 

Jurisdiction

            In
his sole issue, Williams argues that the trial court’s contempt order is void
because he established his inability to pay.  A contempt order is reviewable
only by a petition for writ of habeas corpus if the person held in contempt is
confined or a petition for writ of mandamus if the person is not confined.  See
In re Henry, 154 S.W.3d 594, 596 (Tex. 2005); Cadle Co. v.
Lobingier, 50 S.W.3d 662, 671 (Tex. App.–Fort Worth 2001, pet. denied)
(citing In re Long, 984 S.W.2d 623, 625 (Tex. 1999) (orig.
proceeding)).  Accordingly, we hold that we lack jurisdiction to review Williams’s
challenge to the trial court’s contempt order brought in this direct appeal.  See
Tex. Animal Health Comm’n v. Nunley, 647 S.W.2d 951, 952 (Tex.
1983); Ex parte Cardwell, 416 S.W.2d 382, 384 (Tex. 1967) (orig.
proceeding); Vernon v. Vernon, 225 S.W.3d 179, 180 (Tex. App.—El
Paso 2005, no pet.); see also Long, 984 S.W.2d at 625.  

 

Disposition

            Because
Williams sought to challenge the trial court’s contempt order by direct appeal,
we dismiss Williams’s appeal for want of jurisdiction.

 

                                                                                                Brian Hoyle

                                                                                          
              Justice

 

 

 

Opinion delivered November 10, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)