## ESTATE OF Aubrey Wright HAWKINS, Deceased.

### No. 2–04–345–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 16, 2006.

---

Thompson & Knight, L.L.P., Robert S. MacIntyre, Jr., Houston, for appellants.

Landrith & Kulesz, L.L.P., M. Shawn Matlock and David Kulesz, Arlington, for appellee.

Panel A: LIVINGSTON, HOLMAN, and GARDNER, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

Lori Hawkins, Administrator of the Estate of Aubrey Hawkins, appeals from the probate court's award of attorney's fees assessed against her in favor of Dixie Buchanan, as next friend for Andrew Hawkins, the decedent's only child. We affirm.

### Factual Background

Dixie Buchanan and the decedent, Aubrey Hawkins, were married from 1991 until 1993, and during that time had one child, Andrew Hawkins. After divorcing Dixie, the appellee, Aubrey later married Lori Hawkins, the appellant, who remained his wife until the time of his tragic murder in 2000. On July 23, 2001, Probate Court Number One of Tarrant County, Texas appointed Lori as the administrator of Aubrey's intestate estate and issued letters of administration to her. Lori filed an oath of administrator and posted a $10,000 bond in accordance

with the court's order naming her administrator of the estate.

On that same date, the probate court entered a judgment declaring heirship of Aubrey's estate. The probate court found that Lori was his current spouse and that she was entitled to retain her one-half interest in the community's personal and real property, plus a one-third interest in any of Aubrey's separate personal property and a one-third life estate in any of Aubrey's separate real property. The court's judgment also determined that Aubrey was survived by one child, Andrew, from Aubrey's previous marriage to Dixie. Andrew was declared to be the owner of the other one-half interest in the community's personal and real property and two-thirds of the separate personal property and real estate with a one-third remainder interest in the surviving spouse's life estate in Aubrey's separate real property.

Lori timely filed an inventory, appraisement, and list of claims with the probate court on December 28, 2001, which the probate court approved by written order on January 3, 2002. Lori also timely filed an annual account that the probate court approved on August 28, 2002, as well as a second one that the court approved on September 9, 2003. Both accountings showed an estate value of $4,100 plus an unliquidated outstanding claim from a cause of action pending in a Dallas district court regarding a wrongful death action against the Texas Department of Criminal Justice. During this time Lori made virtually no distributions of estate property to Andrew.

On May 29, 2003, Dixie filed for partition and distribution of the estate on Andrew's behalf, claiming that Andrew had not yet received his father's one-half of the community estate or two-thirds of his father's separate estate. The probate court referred the matter to mediation on Octo-

ber 15, 2003, but Lori was sanctioned for failure to appear at the mediation session. Dixie filed an amended partition pleading on April 30, 2004, that added a request to deliver the property to Andrew that he was entitled to under section 384 of the Texas Probate Code. The amended petition also sought a declaration of Andrew's "rights under the Estate of Aubrey Wright Hawkins" and attorney's fees.

After a trial to the court, the probate court entered judgment against Lori for failure to timely distribute the estate's personal property to Andrew, finding that she had failed to do so as administrator of the estate. On August 9, 2004, the probate court ordered her to turn over Andrew's one-half interest and ordered her and her surety, Universal Surety of America, to pay attorney's fees of $8,307, with interest, to Dixie pursuant to section 245 of the Texas Probate Code.

## Issues on Appeal

In four issues Lori challenges the trial court's award of attorney's fees to Andrew and Dixie, claiming that the probate code does not provide for such an award under these circumstances, either under the five sections of the probate code that specifically allow the award of attorney's fees, section 384 of the probate code, or under the inappropriately used declaratory judgment act. TEX. CIV. PRAC. & REM.CODE ANN. §§ 37.001–.011 (Vernon 1997 & Supp.2005); TEX. PROB.CODE ANN. § 384 (Vernon 2003). Further, Lori claims that any attorney's fees award at this time is premature.

## Standard of Review

 The issue of whether a party is entitled to recover attorney's fees is a question of law for a court to determine. *Holland v. Wal–Mart Stores, Inc.,* 1 S.W.3d 91, 94 (Tex.1999); *VingCard A.S. v. Merrimac Hospitality Sys., Inc.,* 59

S.W.3d 847, 867 (Tex.App.-Fort Worth 2001, pet. denied) (op. on reh'g); *Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 23 (Tex.App.-Tyler 2000, pet. denied). Because it involves a purely legal question, we review the availability of the award de novo. *Holland*, 1 S.W.3d at 95. Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Raman Chandler Properties, L.C. v. Caldwell's Creek Homeowners Ass'n, Inc.*, 178 S.W.3d 384, 396 (Tex.App.-Fort Worth 2005, pet. filed); *Boyd v. Boyd*, 67 S.W.3d 398, 404 (Tex.App.-Fort Worth 2002, no pet.).

### Discussion and Analysis

■ Lori points to the five provisions of the probate code that provide for attorney's fees:

- Section 113(a),(b)(5), which allows attorney's fees when necessary for the emergency intervention to pay for a decedent's funeral and burial expenses;
- Section 149C(c), which allows attorney's fees in connection with the removal of an independent executor;
- Section 243, which provides for attorney's fees incurred in connection with admitting a will to probate based upon a good faith defense of a will;
- Section 245, which allows attorney's fees in connection with the removal of a personal representative of an estate for cause; and
- Section 322A(y), which allows attorney's fees for collection of estate taxes apportioned to a person interested in an estate.

TEX. PROB.CODE ANN. §§ 113(a), (b)(5), 149C(c), 243 (Vernon 2003), §§ 245, 322A(y) (Vernon Supp.2005). Lori lists these five provisions but discusses only section 245 and section 384, which she claims does not allow an award of attorney's fees.

Dixie relies primarily on section 245 of the code as support for the award. Lori counters that section 245 applies only to attorney's fees incurred in the *removal of a representative*, not in an action seeking distribution of the estate. *Id.* § 245. We disagree.

Section 245 plainly states that it applies either when costs are incurred in connection with the removal of a representative or *"[w]hen a personal representative neglects to perform a required duty."* *Id.* (emphasis added). In these situations, the representative and the sureties on his bond are liable for *"costs* of removal and other additional costs" as well as "reasonable *attorney's fees* ... in obtaining compliance regarding any statutory duty the personal representative has neglected." *Id.* § 245(1), (2) (emphasis added). Courts have specifically held that section 245 provides for the recovery of attorney's fees incurred due to the neglect of a representative in performing her statutory duties. *See Lee v. Lee*, 47 S.W.3d 767, 796–97 (Tex.App.-Houston [14th Dist.] 2001, pet. denied); *Lawyers Sur. Corp. v. Larson*, 869 S.W.2d 649, 653 (Tex.App.-Austin 1994, writ denied) (op. on reh'g). These costs are appropriate assessments against the representative when she neglects her duties, as opposed to penalizing the estate, because the representative holds the property interests of the estate for others in this capacity. *Barnett v. Barnett*, 985 S.W.2d 520, 534 (Tex.App.-Houston [1st Dist.] 1998), *rev'd in part on other grounds*, 67 S.W.3d 107 (Tex.2001). Therefore, if the probate court properly found that Lori had failed to comply with some statutory duty, then Dixie would be entitled to recovery of her costs and attorney's fees. *Lee*, 47 S.W.3d at 796. We

undertake this review using an abuse of discretion standard of review. *Paul v. Merrill Lynch Trust Company,* 183 S.W.3d 805, 812 (Tex.App.-Waco 2005, no pet.) (op. on reh'g).

Dixie complained that Lori failed to deliver any of the personalty reflected in the inventory and appraisement that belonged to Andrew within a reasonable amount of time. Dixie's complaint states that Andrew failed to receive anything from his father's estate, other than a few toys, from the time Lori was appointed, August 3, 2001, through May 29, 2003, and that Andrew, as Aubrey's only child, was entitled to all of his father's share of any community property and two-thirds of his father's separate property.

Dixie's original and amended petitions clearly asserted claims against Lori for partition and distribution of the estate, damages and interest thereon, a declaration of Andrew's rights to a portion of the estate, and attorney's fees incurred in recovering same. After consideration of the pleadings and evidence, the trial court entered a judgment that finds for Dixie, determines Andrew's rights in the estate, determines amounts to be distributed, orders Lori to deliver the appropriate portions of the estate to Andrew, and awards Dixie attorney's fees specifically under section 245 of the probate code. A review of the testimony and exhibits introduced at the hearing supports the trial court's findings and conclusions. Further, these findings and determinations support the trial court's award of attorney's fees under section 245 for failure to distribute portions of the estate. TEX. PROB.CODE ANN. § 245.

Because we hold that the trial court properly awarded attorney's fees to Dixie under section 245 of the probate code, we overrule Lori's first point. Moreover, because we have determined that the award was proper under this section of the probate code, we do not need to address Lori's other two points complaining of the award of attorney's fees based on another provision of the probate code or the declaratory judgment act. *See* TEX.R.APP. P. 47.1; *Raman Chandler Properties,* 178 S.W.3d at 397–98.

In Lori's fourth point, she contends that the award was premature because the administration of the estate had not yet been concluded. She contends that the award of attorney's fees against her results in an improper surcharge against her because the estate is not yet ready to be closed. However, section 245 is not limited to recoveries due to neglect of duties only once the estate is closed. TEX. PROB. CODE ANN. § 245. Costs and attorney's fees can be awarded for the neglect of any duty imposed upon the representative of an estate at any time. *Id.* A personal representative's primary duty is to wind up the estate by paying debts and distributing the estate's property to the appropriate heirs or beneficiaries as speedily as possible. *Barnett,* 985 S.W.2d at 535. We overrule Lori's fourth point.

### Conclusion

Having overruled Lori's points on appeal, we affirm the trial court's judgment.