COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-289-CV

 

 

ESTATE OF
MITCHELL VAN METER,

DECEASED

 

                                              ------------

 

               FROM PROBATE
COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In three issues, Mark Van Meter appeals from the
probate court=s order removing him as
administrator of the estate of Mitchell Van Meter.  Because we hold that the probate court had
cause to remove Mark, we affirm the probate court=s order.

Mitchell died intestate on July 4, 2007.  Cody Van Meter is Mitchell=s only
child.  Mark is Mitchell=s
brother.








Cody is a service member in the United States
Navy.  After his father=s death,
Cody was deployed overseas.  After Cody=s
deployment, on February 11, 2008, Mark filed his application for letters of
administration for Mitchell=s
estate.  Cody did not sign a declination
to serve.  After holding a hearing on
Mark=s
application on March 24, 2008, the probate court signed an order granting
administration of the estate and appointing Mark as the administrator.  No record was made of the hearing.

On April 14, 2008, Mark had a letter delivered to
Tracy Olsen, Cody=s mother and Mitchell=s
ex-wife, demanding payment of rent.  On
April 18, 2008, Cody filed an emergency motion for stay and suspension of the
administration of the estate during his deployment.  In the emergency motion, Cody alleged that
Mark did not provide him with notice of Mark=s
application for appointment as administrator or of the hearing on the
application.  He requested the
protections afforded service members on active duty, including a stay and
suspension of the administration of the estate under the Soldiers and Sailors
Relief Act.[2]  Cody also sought to discharge Mark as
administrator and requested an award of costs, expenses, and attorney=s fees.













On April 24, 2008, the probate court held a
hearing on Cody=s emergency motion.  At the hearing, the court noted that the
record did not include a declination to serve from Cody and that his court
staff had attached a note to Mark=s
application that said, A[D]eclination for 21-year-old?@  The probate court went on to say that
although the court had no recollection of the hearing, Ait would
seem to [the court] that something was discussed during the creation of this
administration that would have led this Court to believe that [Cody] was in
favor of it, because otherwise, we would have required a written declination
before we wouldChe has priority.@  The court continued, A[S]omething
must have been said during that hearing that gave this Court the impression
that [Cody] wanted [Mark] to be appointed or it wouldn=t have
happened.@ 
Just before ruling on Cody=s
motion, the probate court told Mark=s
attorney, AYou know, sir, that we=d never
do something like this if you hadn=t led us
to believe that this was an agreed situation.@  The court further told Mark=s
attorney, AI=m not
accusing you of fraud, but I=m
accusing you of coming right up to the edge@ and
that A[i]t is
absolutely written in stone in the Probate Code that [Cody] has the . . .
priority, and somehow or another, during that hearing, you-all led me to
believe that this was agreed or I guarantee you it would=ve never
been done.@ 
He concluded by saying, AAnd the
idea that you didn=t have his permission to do
this, in my opinionClike I said, it comes close to
fraud.@  At no point in the hearing did Mark or his
attorney deny that the court had been misled.

The probate court signed an order granting Cody=s
emergency motion Ain its entirety,@ revoked
and withdrew the letters of administration previously granted to Mark, and
ordered Mark to pay Cody=s attorney=s fees
in the amount of $2,269.00.  Mark filed a
motion for new trial, and, after the probate court denied the motion, he filed
this appeal.








In his first issue, Mark argues that the order
discharging him as administrator was signed outside the probate court=s
plenary power because it was signed thirty-one days after the court granted
Mark=s
application for letters of administration. 
We disagree.  Regardless of
whether the probate court had plenary power to modify or correct the order
appointing Mark, the court had the power to remove him while the estate was
pending.  A probate court retains
jurisdiction over an estate until the estate is closed and the administrator is
discharged.[3]  Thus, the probate court had jurisdiction to
issue an order pertaining to the estate. 
We have found no time limitation for removal of an administrator during
the pendency of an estate.[4]  We therefore hold that the probate court had
jurisdiction to remove Mark as administrator when the estate had not been closed.  We overrule Mark=s first
issue.








In his second issue, Mark argues that a court
cannot remove the administrator of an estate without (1) some evidence that the
administrator engaged in some act or failed to perform some act which would
warrant removal under section 222 of the Texas Probate Code or (2) an
application for letters of administration by one who has a prior right under
section 220(b) of the probate code.[5]  He contends that sections 220 and 222 are the
only statutory provisions under which a court may remove an administrator.  But courts in this state have inherent powers
in addition to those powers conferred upon them by statute.[6]  Under section 77 of the probate code, the
probate court was required to appoint Cody as administrator over Mark,[7]
and if Cody had filed an application to be appointed as administrator, the
probate court would have had to remove Mark and appoint Cody.[8]  The probate court noted that the rule on
priority of appointment was Awritten
in stone@ and
stated that it would not have appointed Mark instead of Cody if not for Mark=s
misrepresentation to the court that Cody did not wish to serve and wished Mark
to do so.  The trial court equated this
misrepresentation with Acom[ing] close to fraud.@

A court of this state has the inherent power to
prevent fraud being perpetrated upon it.[9]  Furthermore, a probate court has the power A>to
correct errors arising out of fraud or mistake in its own decrees.=@[10]  And in Fortson v. Alford, the Supreme
Court of Texas stated that 








where a probate court has
committed an error in its decisions, orders or judgments, or where the court
has been imposed upon and induced to act by the deceit or fraud of a party, upon
bill of review, duly presented by a party at interest, the court has the power
to correct the error, and annul all such acts as were procured by fraud.[11]

 

Thus, courts are not constrained to only remove an administrator on
the grounds set out by statute, but may, through their inherent power, correct
errors induced by fraud or deceit. 
Because a trial court has the power to remove an administrator when the
administrator obtained that position by making a misrepresentation to or
committing fraud on the court, we hold that the trial court did not err by
removing Mark as administrator.[12]  We overrule Mark=s second
issue.








In Mark=s third
issue, he argues that the probate court had no basis for assessing attorney=s fees
against him.  Section 245 makes an
administrator liable for attorney=s fees
incurred in removing the administrator if the administrator is removed for
cause.[13]  That section also allows for the recovery of
attorney=s fees
incurred in obtaining the administrator=s
compliance with a statutory duty he has neglected.[14]  Mark argues that there was no evidence that
he was removed for cause or that he neglected to perform any duty and that
there was no other legal basis for awarding attorney=s fees
against him.

The question of whether a party is entitled to
recover attorney=s fees is a question of law,
which we review de novo.[15]  We will uphold a trial court=s
conclusion of law Aif the judgment can be sustained
on any legal theory supported by the evidence.@[16]








We have found no case law addressing the
propriety of attorney=s fees in the removal of an
administrator under facts similar to this case. 
We recognize that statutes providing for the recovery of attorney=s fees
must be strictly construed.[17]  But section 245 does not specify Acause@ to mean
only the grounds listed in section 222,[18]
and section 222 does not expressly define the grounds it provides for removal
as Acause.@[19]  The record shows that Cody had a statutory
right to be appointed administrator and that the probate court would never have
appointed Mark as administrator if he had not made a misrepresentation to the
court that went Aright up to the edge@ of
fraud.  Cody=s
attorney gave testimony as to the reasonableness of the fees incurred in
bringing the action to remove Mark, and Mark does not challenge the sufficiency
of that evidence.[20]  Because the probate court had cause to remove
Mark and evidence before it on which to base its award, we cannot say that it
erred by awarding attorney=s fees.








Furthermore, courts of appeals have held that
under section 245, attorney=s fees
are assessed against a personal representative of an estate when the
representative is removed for cause or in an action to obtain the
representative=s compliance with a statutory
duty because it would be inequitable to penalize the estate for the negligent
or wrongful conduct of the representative.[21]  Our holding follows that policy.  We overrule Mark=s third
issue.

Having overruled Mark=s three
issues, we affirm the probate court=s
judgment.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

 

DELIVERED:  April 2, 2009











[1]See Tex. R. App. P. 47.4.





[2]See 50 U.S.C.A. app. '' 501B96 (1990 & Supp.
2008), now called the Servicemembers Civil Relief Act.





[3]Walker v. Walker, 152 S.W.3d 220, 223
(Tex. App.CDallas 2005, no pet.); Executors
of Tartt=s Estate v. Harpold, 531 S.W.2d 696, 698
(Tex. Civ. App.CHouston [14th Dist.]
1976, writ ref=d n.r.e.); Wybrants v.
Lehman, 307 S.W.2d 339, 341 (Tex. Civ. App.CEastland 1957, writ ref=d n.r.e.); see also
Howard v. Bennett, 13 Tex. 309, 1855 WL 4778, at *3B4 (1855) (noting that
probate court had jurisdiction to remove adminstratrix and appoint successor
where estate had not been closed).





[4]See, e.g., Tex. Prob. Code Ann. ' 222 (Vernon 2003) (providing
for the removal of an administrator and not including any time limit for doing
so while the estate is being administered).





[5]See id. '' 220(b), 222.





[6]See Pub. Util. Comm=n of Tex. v. Cofer, 754 S.W.2d 121, 124
(Tex. 1988) (recognizing that Aa court has inherent powers it may call upon to
aid in the exercise of its jurisdiction, in the administration of justice, and in
preservation of its independence and integrity@) (emphasis added).





[7]See Tex. Prob. Code Ann. ' 77(e) (requiring letters
of administration to be granted to Athe next of kin of the deceased, the nearest in
order of descent first, and so on@).





[8]See id. ' 220(b).





[9]See Trans‑Pecos
Land & Irrigation Co. v. Arno Co‑operative Irrigation Co., 180 S.W. 928, 930 (Tex.
Civ. App.CEl Paso 1915, no writ).





[10]Vance v. Upson, 64 Tex. 266, 1885 WL
7171, at *2 (1885) (quoting Waters v. Stickney, 94 Mass. 1 (12 Allen 1),
1866 WL 4792, at *1 (1866)).





[11]62 Tex. 576, 1884 WL
8967, at *3 (1884).





[12]See Cofer, 754 S.W.2d at 124;
see also Nw. Nat=l Cas. Co. v. Doucette, 817 S.W.2d 396, 397B98 (Tex. App.CFort Worth 1991, writ
denied) (noting that trial court had removed administratrix because of her
fraud upon the court).





[13]Tex. Prob. Code Ann. ' 245 (Vernon Supp. 2008)
(AWhen a personal
representative neglects to perform a required duty or if a personal
representative is removed for cause, the personal representative . . . [is]
liable for: . . . reasonable attorney=s fees incurred in removing the personal
representative or in obtaining compliance regarding any statutory duty the
personal representative has neglected.@).





[14]Id.





[15]In re Estate of Hawkins, 187 S.W.3d 182, 184B85 (Tex. App.CFort Worth 2006, no
pet.).





[16]Id. at 185.





[17]Knebel v. Capital Nat=l Bank in Austin, 518 S.W.2d 795, 804
(Tex. 1975).





[18]Compare Tex. Prob. Code Ann. ' 245, with, e.g.,
Tex. Educ. Code Ann. ' 21.154 (Vernon 2006)
(stating that teacher employed under continuing contract is entitled to
continue in a position until teacher is, among other things, discharged for
good cause Aas defined by@ subsequent section of
code); see also Tex. Alco. Bev. Code Ann. ' 102.71 (Vernon 2007)
(defining Agood cause@ for purposes of
subchapter); Tex. Ins. Code Ann. ' 1551.003 (Vernon 2009) (defining Agood cause@ for purposes of
chapter).





[19]Tex. Prob. Code Ann. ' 222.





[20]See Fillion v. Osborne, 585 S.W.2d 842, 845
(Tex. Civ. App.CHouston [1st Dist.] 1979,
no writ) (stating that there must be evidence presented to enable court to
determine what costs were incurred in obtaining order of removal).





[21]See Estate of Hawkins, 187 S.W.3d at 185 (AThese costs are
appropriate assessments against the representative when she neglects her
duties, as opposed to penalizing the estate, because the representative holds
the property interests of the estate for others in this capacity.@); Barnett v. Barnett,
985 S.W.2d 520, 534 (Tex. App.CHouston [1st Dist.] 1998) (ACosts and attorney=s fees are assessed
against the personal representative of an estate because of the inequities
inherent in penalizing the estate when the representative neglects his or her
duty.@), rev=d in part on other
grounds by,
67 S.W.3d 107 (Tex. 2001).