NO. 12-09-00279-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN THE ESTATE OF                                     
§                   APPEAL FROM THE

            

RUBY RENEE BYROM,                                
§                   COUNTY COURT OF          

            

DECEASED                                                    
§                   CHEROKEE COUNTY, TEXAS     







MEMORANDUM
OPINION

Jerry
Byrom appeals the county court’s orders holding him in contempt and committing
him to county jail, awarding attorney’s fees, and imposing a constructive
trust.  On appeal, Byrom presents three issues.  We dismiss in part, vacate in
part, and affirm in part.

 

Background

Ruby
Renee Byrom died on February 5, 2005, and her son, Byrom, was named in her will
as the sole beneficiary and independent executor of her estate.  The will was
admitted to probate in the County Court at Law of Cherokee County (the probate
court), and Byrom was appointed the independent executor of Ruby’s will and
estate without bond.  A few months after Byrom was appointed, Roy Anderson and
Duane L. Coker filed claims in the probate court against Ruby’s estate.
Anderson, who had been appointed by a Denton County court as Ruby’s temporary
guardian, filed a claim based on two orders from that court for payment of
attorney’s and temporary guardian’s fees. Coker, who had been appointed as the
attorney ad litem for Ruby in the guardianship proceeding, filed a claim based
on an order from the Denton County court for payment of attorney’s fees. 
Byrom, as the independent executor of Ruby’s estate, denied Anderson’s and
Coker’s claims. 

Anderson
filed a motion to remove Byrom as independent executor, or in the alternative,
to have Byrom show cause why he should not be required to post a bond. Anderson
also moved to compel an accounting and requested attorney’s fees.  Byrom filed
an inventory, appraisement, and list of claims, and Anderson objected to it. Thereafter,
the probate court removed Byrom as independent executor for cause, but did not
discharge him.  Further, the probate court ordered Byrom to file an accounting
and deposit $85,000.00[1] into the registry of the
court within thirty days.  The probate court also awarded Anderson attorney’s
fees against Ruby’s estate in the amount of $14,034.10 for prosecuting the
removal of the independent executor. 

Then,
Anderson filed a motion to enforce the removal order by contempt and requested
attorney’s fees.  On June 16, 2009, the probate court ordered that Byrom be
held in contempt for failing to deposit $85,000.00 into the registry of the
court, and ordered that Byrom be committed to the county jail until he purged
himself of the contempt and complied with the probate court’s orders.  The
probate court also awarded Anderson attorney’s fees against Ruby’s estate in
the amount of $7,058.17 for the contempt action. 

Anderson
filed a motion for a constructive trust to be imposed on Byrom’s real property
in Mount Enterprise, Texas, and requested attorney’s fees.  Coker, as
intervenor, filed a notice of joinder in the motion to impose a constructive
trust and an application for a turnover order. On August 10, 2009, the probate
court granted the motion for a constructive trust, finding that Byrom had
breached his fiduciary duty to Ruby’s estate.[2]  The
probate court ordered that a constructive trust in the amount of $200,000.00 be
imposed on Byrom’s real property, and that if that amount was not paid into the
registry of the court within thirty days, the probate court would order that
the property be sold.  Further, the probate court awarded Anderson and Coker
attorney’s fees against Ruby’s estate totaling $6,412.94 incurred in obtaining
the constructive trust.  The probate court also ordered that a writ of
attachment be issued for Byrom for failing to appear at the August 10 hearing even
though he was ordered to do so.  Finally, the probate court ordered that Byrom
be brought before the court to fulfill the terms of the order holding him in
contempt.

            Byrom
filed an application for a writ of habeas corpus seeking bond and the probate
court set his bond at $80,000.00.  Byrom’s attorney filed the bond and Byrom
was released. After a hearing, the probate court denied Byrom’s application for
writ of habeas corpus, ordered Byrom taken into custody, and set his bond at
$95,000.00.  Byrom filed another habeas application, which was denied.  This
appeal followed.

 

Order of Contempt

 In
his first issue, Byrom argues that the probate court erred by finding him in
contempt and committing him to the county jail for violation of its removal
order requiring him to deposit $85,000.00 into the registry of the court.  More
specifically, Byrom contends that the June 16, 2009 contempt order violates the
Texas Constitution, which forbids that a person be imprisoned or incarcerated
for a debt.

A
contempt order is reviewable only by a petition for writ of habeas corpus if
the person held in contempt is confined.  See In re Henry, 154
S.W.3d 594, 596 (Tex. 2005); Cadle Co. v. Lobingier, 50 S.W.3d
662, 671 (Tex. App.—Fort Worth 2001, pet. denied) (citing In re Long,
984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding)).  Therefore, we lack
jurisdiction to review Byrom’s challenge to the June 16, 2009 contempt order on
appeal.  See Tex. Animal Health Comm'n v. Nunley, 647
S.W.2d 951, 952 (Tex.1983); Vernon v. Vernon, 225 S.W.3d 179, 180
(Tex. App.—El Paso 2005, no pet.); see also In re Long,
984 S.W.2d at 625. 

Moreover,
on September 8, 2009, Byrom filed a petition for a writ of habeas corpus with
this court, complaining of the June 16, 2009 contempt order.  We granted
Byrom’s petition for writ of habeas corpus and ordered him discharged because
we determined that the contempt order violated the constitutional prohibition
against imprisonment for debt and therefore, was void.[3] 
Consequently, even if the contempt order could otherwise be reviewed by appeal,
the issue Byrom raises here is moot. See Williams v. Lara, 52
S.W.3d 171, 184 (Tex. 2001) (stating that if a party lacks a legally cognizable
interest in obtaining relief and, thus, no longer faces the unconstitutional
conduct about which he complains, that party’s claim is moot).

Byrom’s
first issue is dismissed for want of jurisdiction. 

 

Attorney’s Fees

            In
his second issue, Byrom contends that the probate court erred in ordering
subsequent attorney’s fees for failure to pay a court-ordered claim for
attorney’s fees.  In his brief, Byrom states that there were three separate
awards of attorney’s fees.  We will address each award of attorney’s fees
separately. 

Removal of
Independent Executor

On
September 10, 2008, the probate court removed Byrom as independent executor of
Ruby’s estate, and awarded Anderson attorney’s fees against the estate in the
amount of $14,034.10 for prosecuting Byrom’s removal as the independent
executor. 

Before
addressing the propriety of the fee award, we must first determine whether the
award is appealable.  To do so, we consider whether the probate court’s order
removing Byrom as the independent executor – the order that includes the fee
award – is an appealable order. Generally, an appeal may be taken only from a
final judgment.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001).  Probate proceedings are an exception to the “one final judgment”
rule; in such cases, “multiple judgments final for purposes of appeal can be
rendered on certain discrete issues.”  De Ayala v. Mackie, 193
S.W.3d 575, 578 (Tex. 2006) (quoting Lehmann, 39 S.W.3d at 192).  The
appropriate test for jurisdiction adopted by the Texas Supreme Court is as
follows:

 

If there is an express statute, such as the one for
the complete heirship judgment, declaring the phase of the probate proceedings
to be final and appealable, that statute controls. Otherwise, if there is a
proceeding of which the order in question may logically be considered a part,
but one or more pleadings also part of that proceeding raise issues or parties
not disposed of, then the probate order is interlocutory.

 

Id.
(quoting Crowson v. Wakeham, 897 S.W.2d 779, 783 (Tex. 1995)).  In
addition, courts may assess finality by determining whether the order to be
challenged “dispose[d] of all parties or issues in a particular phase of the
proceedings” for which it was brought.  Young v. First Community Bank,
N.A., 222 S.W.3d 454, 457 (Tex. App.—Houston [1st Dist.] 2006, no pet.)
(quoting De Ayala, 193 S.W.3d at 579).

            Here,
there is no express statute providing that an order removing an independent
executor is final and appealable.  See Logan v. McDaniel, 21
S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied).  The question, then, is
whether the order removing Byrom as the independent executor disposed of each
issue raised in the pleadings for that part of the probate proceeding or, in
other words, whether the order conclusively disposed of that phase of the
proceeding.  See id.  Anderson filed a motion requesting
that Byrom be removed as the independent executor of Ruby’s estate for cause, or
in the alternative, be required to show cause why he should not be required to
post a bond. Anderson also moved to compel an accounting and sought his
attorney’s fees. The probate court’s order removed Byrom as the independent
executor of Ruby’s estate, but did not discharge him, ordered him to file an
accounting, and awarded attorney’s fees against the estate.  Because the order
challenged here addressed each issue raised in Anderson’s motion, thereby
conclusively disposing of this phase of the probate proceeding, the order
removing Byrom as independent executor is a final and appealable order.  See
id.; De Ayala, 193 S.W.3d at 578.  Therefore,
the award of attorney’s fees included in the order is also appealable.

Next,
we must determine whether Byrom timely appealed the fee award. The removal
order was signed on September 10, 2008.  Byrom timely filed a motion to reform
the judgment or alternatively, for new trial, complaining that the award of
attorney’s fees was excessive, unreasonable, and unnecessary. Therefore, Byrom
was required to file his notice of appeal on or before December 9, 2008.  See
Tex. R. App. P. 26.1(a)(1)
(stating that a notice of appeal must be filed within ninety days after the
judgment is signed if any party timely files a motion for new trial). However,
Byrom did not file his notice of appeal until September 9, 2009. See id.
 Because Byrom did not timely file a notice of appeal of the fee award, we are
without jurisdiction to consider this portion of his second issue.  See Tex. R. App. P. 42.3(a).

Constructive
Trust

On
August 10, 2009, the probate court granted Anderson’s motion for a constructive
trust, and awarded Anderson attorney’s fees against Ruby’s estate in the amount
of $4,662.94 for the constructive trust.  On August 14, 2009, the probate court
also granted Coker’s joinder in the motion for a constructive trust, and
awarded Coker attorney’s fees against Ruby’s estate in the amount of $1,750.00 for
the constructive trust. These awards totaled $6,412.94. 

The
availability of attorney’s fees under a particular statute is a question of
law. Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 94 (Tex.
1999).  We review the availability of an award of attorney’s fees de novo.  Estate
of Hawkins, 187 S.W.3d 182, 185 (Tex. App.—Fort Worth 2006, no pet.).  An
award of attorney’s fees is permissible if authorized by statute or by contract
between the parties.  Colonial Am. Casualty & Surety Co. v. Scherer,
214 S.W.3d 725, 729 (Tex. App.—Austin 2007, no pet.). If a personal
representative is removed for cause, the personal representative and the
sureties on the personal representative’s bond are liable for reasonable
attorney’s fees incurred in removing the personal representative or in
obtaining compliance regarding any statutory duty the personal representative
has neglected.  Tex. Probate Code Ann. §
245(a)(2) (Vernon Supp. 2010).  In other words, section 245 provides for
attorney’s fees incurred in connection with the removal of a representative for
cause or due to the neglect of an administrator in performing his statutory
duties.  Scherer, 214 S.W.3d at 731; Estate of Hawkins,
187 S.W.3d at 185.

Here,
Byrom was removed as the independent executor of Ruby’s estate for cause.  See
Scherer, 214 S.W.3d at 731.  Anderson’s motion for a constructive
trust, and Coker’s joinder in Anderson’s motion, included allegations that
Byrom failed to deposit funds into the registry of the court as ordered by the probate
court to pay claims Ruby’s estate owed to them.  As an independent executor,
Byrom had a statutory duty to pay claims against Ruby’s estate.  See Tex. Probate Code Ann. § 146(a)(3)
(Vernon 2003).  He failed to do so.  Thus, Anderson and Coker requested a
constructive trust to force Byrom to comply with his statutory duty to pay
their claims from the assets of Ruby’s estate.  Because Byrom was removed as
independent executor for cause and Anderson and Coker incurred attorney’s fees
to obtain Byrom’s compliance to perform his statutory duty, the probate court
was authorized by statute to award Anderson and Coker attorney’s fees incurred
in connection with the constructive trust.  See Tex. Probate Code Ann. § 245(a)(2); Scherer,
214 S.W.3d at 731; Estate of Hawkins, 187 S.W.3d at 185.
Accordingly, we overrule that portion of Byrom’s second issue regarding the
award of attorney’s fees to Anderson and Coker incurred in connection with the
constructive trust.

Contempt

Finally,
Byrom argues that there is no provision in the Texas Probate Code for obtaining
attorney’s fees for civil contempt actions after an independent executor has been
removed.  As noted above, the probate court ordered that Byrom be held in
contempt, committed him to the county jail, and awarded Anderson attorney’s
fees against Ruby’s estate in the amount of $7,058.17 for the contempt action.  We
granted Byrom’s petition for writ of habeas corpus regarding the June 16, 2009
contempt order and ordered him discharged because we determined that the
contempt order violated the constitutional prohibition against imprisonment for
debt and therefore, was void.  A void order has no force or effect and confers
no rights; it is a mere nullity.  In re Garza, 126 S.W.3d 268,
271 (Tex. App.—San Antonio 2003, orig. proceeding [mand. denied]).  Any
attorney’s fees based upon a void order must also be void.  Ex parte
Fernandez, 645 S.W.2d 636, 639 (Tex. App.—El Paso 1983, no writ).  Because
the June 16, 2009 contempt order is void, the probate court’s award of
attorney’s fees to Anderson for the contempt action is also void.  See id.
Accordingly, we sustain that portion of Byrom’s second issue.

Disposition

Byrom’s
second issue is dismissed for want of jurisdiction in part, overruled in part,
and sustained in part.  

 

Constructive Trust

            In
his third issue, Byrom argues that he was not given proper legal notice prior
to the entry of the order granting the constructive trust.  More specifically,
he contends that he was not given notice of the hearing and, therefore, the
order is voidable. 

Facts

At
the hearing on the motion for constructive trust on August 10, 2009, the judge
of the probate court stated that he had anticipated a letter from Byrom stating
that he would be unable to attend the hearing.  It appears, however, that the
letter did not arrive because the court ordered the bailiff to call Byrom’s
name at the courthouse door.  Byrom did not respond and did not appear at the
hearing.  Further, Anderson’s attorney stated that all parties were given
notice of the hearing.  Subsequently, the probate court granted the motion for
a constructive trust.  In its order, the probate court found that “[a]ll
persons entitled to citation were properly cited.” 

At
the hearing on Byrom’s petition for writ of habeas corpus, Byrom’s attorney explained
that prior to the date of the August 10 hearing, Byrom was required to be at
his physician’s office and, based on an understanding that he would receive
something from Byrom’s physician, his attorney went to a seminar in Galveston.  According
to Byrom’s attorney, “[a]pparently” there was a setting, but he did not recall
getting notice.  He stated that “I’m certainly not saying I didn’t, but I
didn’t recall getting notice of any settings on that day or I wouldn’t have
been gone or I would have made arrangements.”  Then, Byrom’s attorney stated that
he was “not saying I didn’t. I sure don’t -- didn’t see one; and probably if I
didn’t or if I don’t find something, I may be filing some kind of a motion for
rehearing on that receivership matter.”  The judge expressed his recollection
of some “concern” that may have led to his allowing Byrom to bond out pending
the current hearing because of “some notice issues.”  However, the judge
declined to “point[] a finger at anybody.”  In his motion for new trial, Byrom
complains about a lack of notice for a hearing on Anderson’s motion for a nunc
pro tunc order to correct an error in the order on the motion for a constructive
trust. 

Applicable
Law

            The
law presumes a trial court hears a case only after proper notice to the
parties.  Osborn v. Osborn, 961 S.W.2d 408, 411 (Tex.
App.—Houston [1st Dist.] 1997, writ denied).  A recitation in a judgment that
proper notice and hearing were had provides prima facie evidence of such notice,
which must be accepted as true absent proof to the contrary.  Aldine
Indep. Sch. Dist. v. Baty, 946 S.W.2d 851, 852 (Tex. App.—Houston [14th
Dist.] 1997, no writ).  To overcome this presumption, an appellant must
affirmatively show lack of notice.  Hanners v. State Bar of Tex.,
860 S.W.2d 903, 908 (Tex. App.—Dallas 1993, writ dism’d); In re Marriage
of Lamirault, No. 07-01-00133-CV, 2001 WL 1166373, at *2 (Tex.
App.—Amarillo Oct. 3, 2001, no pet.) (not designated for publication).  This
burden is not discharged by mere allegations, unsupported by affidavits or
other competent evidence, that proper notice was not received.  See Hanners,
860 S.W.2d at 908; In re Marriage of Lamirault, 2001 WL 1166373,
at *2. 

Analysis

As
noted above, the order on the motion for a constructive trust states that
“[a]ll persons entitled to citation were properly cited.”  This is prima facie
evidence that proper notice was given to all parties.  See Baty,
946 S.W.2d at 852.  To overcome this presumption, Byrom must affirmatively show
a lack of notice.  See Hanners, 860 S.W.2d at 908; In re
Marriage of Lamirault, 2001 WL 1166373, at *2.  At the hearing on his petition
for writ of habeas corpus, Byrom’s attorney alleged that he did not recall
receiving a notice of hearing, but did not affirmatively state that he did not
receive notice.  Further, although the judge of the probate court appeared to
believe that there might have been some problems with notice, he did not
elaborate and declined to “point[] a finger at anybody.”  The record does not
contain a letter from the probate court or any of the parties regarding a
notice of hearing.  Nor does the record contain affidavits or other evidence
affirmatively showing that Byrom did not receive proper notice.  See Hanners,
860 S.W.2d at 908; In re Marriage of Lamirault, 2001 WL 1166373,
at *2.  Because Byrom merely alleged that he did not receive proper notice of
the hearing on the motion for a constructive trust without any supporting
affidavits or evidence, he did not meet his burden to rebut the presumption
that he received proper notice.  Accordingly, we overrule Byrom’s third issue.

 

“Summary” Arguments

            In
his brief, Byrom makes three other “summary” arguments, none of which are
designated as issues in his brief.  In “summary” argument 4, he asserts that he
is the sole beneficiary of Ruby’s estate and, thus, there is no beneficiary who
can claim harm from his use of funds from Ruby’s estate for his benefit.
Further, he claims that Anderson and Coker are “merely” creditors and that
their interest in Ruby’s estate is limited to the extent of their claims.  In
“summary” argument 5, Byrom contends that the real parties in interest have
obtained ancillary relief for their claims and that renders the contempt action
moot.  Both of these “summary” arguments appear to be based on his first issue,
that the probate court erred by finding him in contempt and committing him to the
county jail for violating its removal order.  For the reasons stated in our
discussion of Byrom’s first issue, we lack jurisdiction to address Byrom’s
“summary” arguments 4 and 5.

In
“summary” argument 6, Byrom argues that the probate court exceeded its
authority by ordering a constructive trust because the property to be sold is
his homestead, is located on land he had owned for over twenty years, and was,
at least partially, paid for by community property funds belonging to him and
his wife.  Thus, he contends, this property should not be subject to Anderson’s
and Coker’s claims.  An appellant’s brief must contain a clear and concise
argument for the contentions made, with appropriate citations to the
authorities and to the record.  Tex. R.
App. P. 38.1(i).  Byrom does not provide any argument or citations to
authorities or the record to demonstrate how the probate court exceeded its
authority.  His argument consists of only conclusory statements that the probate
court exceeded its authority, and that the property subject to the constructive
trust was his homestead and community property.  Because Byrom has failed to
provide an adequate substantive analysis of this “summary” argument, he has
presented nothing for our review.  See Tex.
R. App. P. 38.1(i).  Therefore, we overrule Byrom’s “summary” argument
6.

 

 

 

Conclusion

            Because Byrom’s June 16, 2009
contempt order is not reviewable by appeal, we dismiss for want of
jurisdiction his first issue, and his “summary” arguments 4 and 5.  We
also dismiss for want of jurisdiction that portion of Byrom’s
second issue regarding the award of attorney’s fees to Anderson for seeking
Byrom’s removal as independent executor.  We sustain that portion
of Byrom’s second issue regarding the award of attorney’s fees to Anderson for
the contempt action, and vacate the probate court’s award of
attorney’s fees in its June 16, 2009 contempt order. In all other respects, we affirm
the judgment of the probate court. 

 

 

                                                                                    James T. Worthen

                                                                              
               Chief Justice

 

 

 

 

Opinion delivered February 16,
2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)

 









[1]
In the order removing Byrom as independent executor, Byrom was ordered to
deposit $622,786.22 into the registry of the court.  On December 9, 2008, the
probate court issued a reformed order directing Byrom to deposit $85,000.00
into the registry of the court.

 





[2]
On November 16, 2009, the probate court entered a nunc pro tunc order to
correct the real property description attached to the original judgment
imposing the constructive trust.

 





[3]
See In re Byrom, 316 S.W.3d 787, 793-95 (Tex. App.—Tyler 2010,
orig. proceeding [mand. denied]).