# NO. 12-09-00279-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE ESTATE OF* | § | *APPEAL FROM THE* |
| *RUBY RENEE BYROM,* | § | *COUNTY COURT OF* |
| *DECEASED* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jerry Byrom appeals the county court's orders holding him in contempt and committing him to county jail, awarding attorney's fees, and imposing a constructive trust. On appeal, Byrom presents three issues. We dismiss in part, vacate in part, and affirm in part.

### BACKGROUND

Ruby Renee Byrom died on February 5, 2005, and her son, Byrom, was named in her will as the sole beneficiary and independent executor of her estate. The will was admitted to probate in the County Court at Law of Cherokee County (the probate court), and Byrom was appointed the independent executor of Ruby's will and estate without bond. A few months after Byrom was appointed, Roy Anderson and Duane L. Coker filed claims in the probate court against Ruby's estate. Anderson, who had been appointed by a Denton County court as Ruby's temporary guardian, filed a claim based on two orders from that court for payment of attorney's and temporary guardian's fees. Coker, who had been appointed as the attorney ad litem for Ruby in the guardianship proceeding, filed a claim based on an order from the Denton County court for payment of attorney's fees. Byrom, as the independent executor of Ruby's estate, denied Anderson's and Coker's claims.

Anderson filed a motion to remove Byrom as independent executor, or in the alternative, to have Byrom show cause why he should not be required to post a bond. Anderson also moved

to compel an accounting and requested attorney's fees. Byrom filed an inventory, appraisement, and list of claims, and Anderson objected to it. Thereafter, the probate court removed Byrom as independent executor for cause, but did not discharge him. Further, the probate court ordered Byrom to file an accounting and deposit $85,000.00[1] into the registry of the court within thirty days. The probate court also awarded Anderson attorney's fees against Ruby's estate in the amount of $14,034.10 for prosecuting the removal of the independent executor.

Then, Anderson filed a motion to enforce the removal order by contempt and requested attorney's fees. On June 16, 2009, the probate court ordered that Byrom be held in contempt for failing to deposit $85,000.00 into the registry of the court, and ordered that Byrom be committed to the county jail until he purged himself of the contempt and complied with the probate court's orders. The probate court also awarded Anderson attorney's fees against Ruby's estate in the amount of $7,058.17 for the contempt action.

Anderson filed a motion for a constructive trust to be imposed on Byrom's real property in Mount Enterprise, Texas, and requested attorney's fees. Coker, as intervenor, filed a notice of joinder in the motion to impose a constructive trust and an application for a turnover order. On August 10, 2009, the probate court granted the motion for a constructive trust, finding that Byrom had breached his fiduciary duty to Ruby's estate.[2] The probate court ordered that a constructive trust in the amount of $200,000.00 be imposed on Byrom's real property, and that if that amount was not paid into the registry of the court within thirty days, the probate court would order that the property be sold. Further, the probate court awarded Anderson and Coker attorney's fees against Ruby's estate totaling $6,412.94 incurred in obtaining the constructive trust. The probate court also ordered that a writ of attachment be issued for Byrom for failing to appear at the August 10 hearing even though he was ordered to do so. Finally, the probate court ordered that Byrom be brought before the court to fulfill the terms of the order holding him in contempt.

Byrom filed an application for a writ of habeas corpus seeking bond and the probate court set his bond at $80,000.00. Byrom's attorney filed the bond and Byrom was released. After a

---

[1] In the order removing Byrom as independent executor, Byrom was ordered to deposit $622,786.22 into the registry of the court. On December 9, 2008, the probate court issued a reformed order directing Byrom to deposit $85,000.00 into the registry of the court.

[2] On November 16, 2009, the probate court entered a nunc pro tunc order to correct the real property description attached to the original judgment imposing the constructive trust.

2

hearing, the probate court denied Byrom's application for writ of habeas corpus, ordered Byrom taken into custody, and set his bond at $95,000.00. Byrom filed another habeas application, which was denied. This appeal followed.

## ORDER OF CONTEMPT

In his first issue, Byrom argues that the probate court erred by finding him in contempt and committing him to the county jail for violation of its removal order requiring him to deposit $85,000.00 into the registry of the court. More specifically, Byrom contends that the June 16, 2009 contempt order violates the Texas Constitution, which forbids that a person be imprisoned or incarcerated for a debt.

A contempt order is reviewable only by a petition for writ of habeas corpus if the person held in contempt is confined. *See **In re Henry***, 154 S.W.3d 594, 596 (Tex. 2005); ***Cadle Co. v. Lobingier***, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied) (citing ***In re Long***, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding)). Therefore, we lack jurisdiction to review Byrom's challenge to the June 16, 2009 contempt order on appeal. *See **Tex. Animal Health Comm'n v. Nunley***, 647 S.W.2d 951, 952 (Tex.1983); ***Vernon v. Vernon***, 225 S.W.3d 179, 180 (Tex. App.—El Paso 2005, no pet.); *see also **In re Long***, 984 S.W.2d at 625.

Moreover, on September 8, 2009, Byrom filed a petition for a writ of habeas corpus with this court, complaining of the June 16, 2009 contempt order. We granted Byrom's petition for writ of habeas corpus and ordered him discharged because we determined that the contempt order violated the constitutional prohibition against imprisonment for debt and therefore, was void.[3] Consequently, even if the contempt order could otherwise be reviewed by appeal, the issue Byrom raises here is moot. *See **Williams v. Lara***, 52 S.W.3d 171, 184 (Tex. 2001) (stating that if a party lacks a legally cognizable interest in obtaining relief and, thus, no longer faces the unconstitutional conduct about which he complains, that party's claim is moot).

Byrom's first issue is dismissed for want of jurisdiction.

## ATTORNEY'S FEES

In his second issue, Byrom contends that the probate court erred in ordering subsequent attorney's fees for failure to pay a court-ordered claim for attorney's fees. In his brief, Byrom

---

[3] *See **In re Byrom***, 316 S.W.3d 787, 793-95 (Tex. App.—Tyler 2010, orig. proceeding [mand. denied]).

states that there were three separate awards of attorney's fees. We will address each award of attorney's fees separately.

## Removal of Independent Executor

On September 10, 2008, the probate court removed Byrom as independent executor of Ruby's estate, and awarded Anderson attorney's fees against the estate in the amount of $14,034.10 for prosecuting Byrom's removal as the independent executor.

Before addressing the propriety of the fee award, we must first determine whether the award is appealable. To do so, we consider whether the probate court's order removing Byrom as the independent executor – the order that includes the fee award – is an appealable order. Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Probate proceedings are an exception to the "one final judgment" rule; in such cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann*, 39 S.W.3d at 192). The appropriate test for jurisdiction adopted by the Texas Supreme Court is as follows:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). In addition, courts may assess finality by determining whether the order to be challenged "dispose[d] of all parties or issues in a particular phase of the proceedings" for which it was brought. *Young v. First Community Bank, N.A.*, 222 S.W.3d 454, 457 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (quoting *De Ayala*, 193 S.W.3d at 579).

Here, there is no express statute providing that an order removing an independent executor is final and appealable. *See Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied). The question, then, is whether the order removing Byrom as the independent executor disposed of each issue raised in the pleadings for that part of the probate proceeding or, in other words, whether the order conclusively disposed of that phase of the proceeding. *See id.* Anderson filed a motion requesting that Byrom be removed as the

4

independent executor of Ruby's estate for cause, or in the alternative, be required to show cause why he should not be required to post a bond. Anderson also moved to compel an accounting and sought his attorney's fees. The probate court's order removed Byrom as the independent executor of Ruby's estate, but did not discharge him, ordered him to file an accounting, and awarded attorney's fees against the estate. Because the order challenged here addressed each issue raised in Anderson's motion, thereby conclusively disposing of this phase of the probate proceeding, the order removing Byrom as independent executor is a final and appealable order. *See id.*; *De Ayala*, 193 S.W.3d at 578. Therefore, the award of attorney's fees included in the order is also appealable.

Next, we must determine whether Byrom timely appealed the fee award. The removal order was signed on September 10, 2008. Byrom timely filed a motion to reform the judgment or alternatively, for new trial, complaining that the award of attorney's fees was excessive, unreasonable, and unnecessary. Therefore, Byrom was required to file his notice of appeal on or before December 9, 2008. *See* TEX. R. APP. P. 26.1(a)(1) (stating that a notice of appeal must be filed within ninety days after the judgment is signed if any party timely files a motion for new trial). However, Byrom did not file his notice of appeal until September 9, 2009. *See id.* Because Byrom did not timely file a notice of appeal of the fee award, we are without jurisdiction to consider this portion of his second issue. *See* TEX. R. APP. P. 42.3(a).

## Constructive Trust

On August 10, 2009, the probate court granted Anderson's motion for a constructive trust, and awarded Anderson attorney's fees against Ruby's estate in the amount of $4,662.94 for the constructive trust. On August 14, 2009, the probate court also granted Coker's joinder in the motion for a constructive trust, and awarded Coker attorney's fees against Ruby's estate in the amount of $1,750.00 for the constructive trust. These awards totaled $6,412.94.

The availability of attorney's fees under a particular statute is a question of law. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). We review the availability of an award of attorney's fees de novo. *Estate of Hawkins*, 187 S.W.3d 182, 185 (Tex. App.—Fort Worth 2006, no pet.). An award of attorney's fees is permissible if authorized by statute or by contract between the parties. *Colonial Am. Casualty & Surety Co. v. Scherer*, 214 S.W.3d 725, 729 (Tex. App.—Austin 2007, no pet.). If a personal representative is removed for cause, the personal representative and the sureties on the personal representative's bond are liable for

5

reasonable attorney's fees incurred in removing the personal representative or in obtaining compliance regarding any statutory duty the personal representative has neglected. TEX. PROBATE CODE ANN. § 245(a)(2) (Vernon Supp. 2010). In other words, section 245 provides for attorney's fees incurred in connection with the removal of a representative for cause or due to the neglect of an administrator in performing his statutory duties. *Scherer*, 214 S.W.3d at 731; *Estate of Hawkins*, 187 S.W.3d at 185.

Here, Byrom was removed as the independent executor of Ruby's estate for cause. *See Scherer*, 214 S.W.3d at 731. Anderson's motion for a constructive trust, and Coker's joinder in Anderson's motion, included allegations that Byrom failed to deposit funds into the registry of the court as ordered by the probate court to pay claims Ruby's estate owed to them. As an independent executor, Byrom had a statutory duty to pay claims against Ruby's estate. *See* TEX. PROBATE CODE ANN. § 146(a)(3) (Vernon 2003). He failed to do so. Thus, Anderson and Coker requested a constructive trust to force Byrom to comply with his statutory duty to pay their claims from the assets of Ruby's estate. Because Byrom was removed as independent executor for cause and Anderson and Coker incurred attorney's fees to obtain Byrom's compliance to perform his statutory duty, the probate court was authorized by statute to award Anderson and Coker attorney's fees incurred in connection with the constructive trust. *See* TEX. PROBATE CODE ANN. § 245(a)(2); *Scherer*, 214 S.W.3d at 731; *Estate of Hawkins*, 187 S.W.3d at 185. Accordingly, we overrule that portion of Byrom's second issue regarding the award of attorney's fees to Anderson and Coker incurred in connection with the constructive trust.

## Contempt

Finally, Byrom argues that there is no provision in the Texas Probate Code for obtaining attorney's fees for civil contempt actions after an independent executor has been removed. As noted above, the probate court ordered that Byrom be held in contempt, committed him to the county jail, and awarded Anderson attorney's fees against Ruby's estate in the amount of $7,058.17 for the contempt action. We granted Byrom's petition for writ of habeas corpus regarding the June 16, 2009 contempt order and ordered him discharged because we determined that the contempt order violated the constitutional prohibition against imprisonment for debt and therefore, was void. A void order has no force or effect and confers no rights; it is a mere nullity. *In re Garza*, 126 S.W.3d 268, 271 (Tex. App.—San Antonio 2003, orig. proceeding [mand. denied]). Any attorney's fees based upon a void order must also be void. *Ex parte*

*Fernandez*, 645 S.W.2d 636, 639 (Tex. App.—El Paso 1983, no writ). Because the June 16, 2009 contempt order is void, the probate court's award of attorney's fees to Anderson for the contempt action is also void. *See id*. Accordingly, we sustain that portion of Byrom's second issue.

## Disposition

Byrom's second issue is dismissed for want of jurisdiction in part, overruled in part, and sustained in part.


## CONSTRUCTIVE TRUST

In his third issue, Byrom argues that he was not given proper legal notice prior to the entry of the order granting the constructive trust. More specifically, he contends that he was not given notice of the hearing and, therefore, the order is voidable.

## Facts

At the hearing on the motion for constructive trust on August 10, 2009, the judge of the probate court stated that he had anticipated a letter from Byrom stating that he would be unable to attend the hearing. It appears, however, that the letter did not arrive because the court ordered the bailiff to call Byrom's name at the courthouse door. Byrom did not respond and did not appear at the hearing. Further, Anderson's attorney stated that all parties were given notice of the hearing. Subsequently, the probate court granted the motion for a constructive trust. In its order, the probate court found that "[a]ll persons entitled to citation were properly cited."

At the hearing on Byrom's petition for writ of habeas corpus, Byrom's attorney explained that prior to the date of the August 10 hearing, Byrom was required to be at his physician's office and, based on an understanding that he would receive something from Byrom's physician, his attorney went to a seminar in Galveston. According to Byrom's attorney, "[a]pparently" there was a setting, but he did not recall getting notice. He stated that "I'm certainly not saying I didn't, but I didn't recall getting notice of any settings on that day or I wouldn't have been gone or I would have made arrangements." Then, Byrom's attorney stated that he was "not saying I didn't. I sure don't -- didn't see one; and probably if I didn't or if I don't find something, I may be filing some kind of a motion for rehearing on that receivership matter." The judge expressed his recollection of some "concern" that may have led to his allowing Byrom to bond out pending the current hearing because of "some notice issues." However, the judge declined to "point[] a

7

finger at anybody." In his motion for new trial, Byrom complains about a lack of notice for a hearing on Anderson's motion for a nunc pro tunc order to correct an error in the order on the motion for a constructive trust.

**Applicable Law**

The law presumes a trial court hears a case only after proper notice to the parties. *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, writ denied). A recitation in a judgment that proper notice and hearing were had provides prima facie evidence of such notice, which must be accepted as true absent proof to the contrary. *Aldine Indep. Sch. Dist. v. Baty*, 946 S.W.2d 851, 852 (Tex. App.—Houston [14th Dist.] 1997, no writ). To overcome this presumption, an appellant must affirmatively show lack of notice. *Hanners v. State Bar of Tex.*, 860 S.W.2d 903, 908 (Tex. App.—Dallas 1993, writ dism'd); *In re Marriage of Lamirault*, No. 07-01-00133-CV, 2001 WL 1166373, at *2 (Tex. App.—Amarillo Oct. 3, 2001, no pet.) (not designated for publication). This burden is not discharged by mere allegations, unsupported by affidavits or other competent evidence, that proper notice was not received. *See Hanners*, 860 S.W.2d at 908; *In re Marriage of Lamirault*, 2001 WL 1166373, at *2.

**Analysis**

As noted above, the order on the motion for a constructive trust states that "[a]ll persons entitled to citation were properly cited." This is prima facie evidence that proper notice was given to all parties. *See Baty*, 946 S.W.2d at 852. To overcome this presumption, Byrom must affirmatively show a lack of notice. *See Hanners*, 860 S.W.2d at 908; *In re Marriage of Lamirault*, 2001 WL 1166373, at *2. At the hearing on his petition for writ of habeas corpus, Byrom's attorney alleged that he did not recall receiving a notice of hearing, but did not affirmatively state that he did not receive notice. Further, although the judge of the probate court appeared to believe that there might have been some problems with notice, he did not elaborate and declined to "point[] a finger at anybody." The record does not contain a letter from the probate court or any of the parties regarding a notice of hearing. Nor does the record contain affidavits or other evidence affirmatively showing that Byrom did not receive proper notice. *See Hanners*, 860 S.W.2d at 908; *In re Marriage of Lamirault*, 2001 WL 1166373, at *2. Because Byrom merely alleged that he did not receive proper notice of the hearing on the motion for a constructive trust without any supporting affidavits or evidence, he did not meet his burden to

rebut the presumption that he received proper notice. Accordingly, we overrule Byrom's third issue.

## "SUMMARY" ARGUMENTS

In his brief, Byrom makes three other "summary" arguments, none of which are designated as issues in his brief. In "summary" argument 4, he asserts that he is the sole beneficiary of Ruby's estate and, thus, there is no beneficiary who can claim harm from his use of funds from Ruby's estate for his benefit. Further, he claims that Anderson and Coker are "merely" creditors and that their interest in Ruby's estate is limited to the extent of their claims. In "summary" argument 5, Byrom contends that the real parties in interest have obtained ancillary relief for their claims and that renders the contempt action moot. Both of these "summary" arguments appear to be based on his first issue, that the probate court erred by finding him in contempt and committing him to the county jail for violating its removal order. For the reasons stated in our discussion of Byrom's first issue, we lack jurisdiction to address Byrom's "summary" arguments 4 and 5.

In "summary" argument 6, Byrom argues that the probate court exceeded its authority by ordering a constructive trust because the property to be sold is his homestead, is located on land he had owned for over twenty years, and was, at least partially, paid for by community property funds belonging to him and his wife. Thus, he contends, this property should not be subject to Anderson's and Coker's claims. An appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to the authorities and to the record. TEX. R. APP. P. 38.1(i). Byrom does not provide any argument or citations to authorities or the record to demonstrate how the probate court exceeded its authority. His argument consists of only conclusory statements that the probate court exceeded its authority, and that the property subject to the constructive trust was his homestead and community property. Because Byrom has failed to provide an adequate substantive analysis of this "summary" argument, he has presented nothing for our review. *See* TEX. R. APP. P. 38.1(i). Therefore, we overrule Byrom's "summary" argument 6.

CONCLUSION

Because Byrom's June 16, 2009 contempt order is not reviewable by appeal, we *dismiss for want of jurisdiction* his first issue, and his "summary" arguments 4 and 5. We also *dismiss for want of jurisdiction* that portion of Byrom's second issue regarding the award of attorney's fees to Anderson for seeking Byrom's removal as independent executor. We *sustain* that portion of Byrom's second issue regarding the award of attorney's fees to Anderson for the contempt action, and *vacate* the probate court's award of attorney's fees in its June 16, 2009 contempt order. In all other respects, we *affirm* the judgment of the probate court.


**JAMES T. WORTHEN**
Chief Justice


Opinion delivered February 16, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)


10